MERRITT C. BALDWIN, administrator in equity, *vs.* CHARLOTTE W. BEAN and others.

*Will—construction of—court's opinion—when a party is entitled to.*

R. S. c. 77, § 5, authorizing this court, as a court of equity, to determine the construction of wills, secures to the parties in interest the right, in all cases of doubt, to have the opinion of the court as to the legal effect of a will, whether any actual controversy in relation thereto has arisen or not.

The only item in the testator's will was of the following tenor: "First and final, I give and bequeath to my beloved wife," naming her, "all the real and personal estate of which I may die seized and possessed, after payment of all my just debts." *Held*, that there being nothing in the will indicating that the testator intended to devise a less estate, his wife, by virtue of R. S. c. 74, § 16, took an estate in fee-simple.

WALTON, J. This is a bill in equity in which the court is asked to determine whether Charles W. Richardson, by his last will and testament, devised to his wife an estate in fee-simple, or an estate for life only.

The defendants say they have never in any way interfered with the lands devised, and they deny the authority of the court to determine the rights of the parties in advance of any actual controversy.

We have had grave doubts whether this objection is not well taken. But the statutes of the State (R. S. c. 77, § 5) provide

that this court shall have jurisdiction as a court of equity, to determine the construction of wills; and we are inclined to think it was the intention of the legislature to secure to the parties in interest the right, in all cases of doubt, to have the opinion of the court as to the legal effect of a will, even in advance of any actual controversy.

It is an old maxim, that an ounce of prevention is worth a pound of cure; and this is as true in law as in medicine. To prevent litigation is better than to end it. If by a bill in equity the parties in interest can all be brought before the court at one time, not only may a multiplicity of suits be avoided, but a just result much more certainly obtained. And by removing any cloud that may rest upon their titles, the owners will be enabled to deal with the property more understandingly; and if need be, sell it for its true value; for purchasers will not then be deterred from buying it for fear they may buy a lawsuit with it. Influenced by these considerations, we think the statute, conferring upon this court jurisdiction in equity to determine the construction of wills, ought to be liberally interpreted; and that in all cases of doubt, the parties should be allowed to have the opinion of the court, whether any actual controversies have arisen or not.

Coming, then, to the consideration of the will, we repeat that the question is whether it gives to the devisee an estate in fee-simple, or an estate for life only. The devising clause is as follows:

"First and final, I give and bequeath to my beloved wife, Abby W. Richardson, all the real and personal estate of which I may die seized and possessed, after payment of all my just debts."

It will be noticed that the devise contains no words of inheritance; that the words, "her heirs and assigns," are omitted. The question is whether such a devise is sufficient to pass an estate in fee-simple.

We think it is. A statute of this State provides that "a devise of land must be construed to convey all the estate of the devisor therein, unless it appears by his will that he intended to convey a less estate. R. S. c. 74, § 16.

There is nothing in the will before us to indicate that the testator intended to convey a less estate. We cannot doubt, therefore, that his wife took an estate in fee-simple, and a decree will be entered to that effect.

*No costs for either party.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.

*S. & J. W. May*, for the complainants.

*R. Washburn*, for the respondents.